[Cite as *State v. Strozier*, 2013-Ohio-965.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25133 |
| v. | : | T.C. NO. 11CR621 |
| TERRELL STROZIER | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___15th___ day of ___March___, 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

REBEKAH S. NEUHERZ, Atty. Reg. No. 0072093, 150 N. Limestone Street, Suite 218, Springfield, Ohio 45501
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Terrell L. Strozier appeals his conviction and sentence

for one count of possession of cocaine (less than one gram-crack), in violation of R.C. 2925.11(A), a felony of the fifth degree. Strozier filed a timely notice of appeal with this Court on April 12, 2012.

{¶ 2} The instant appeal arises from an incident which occurred on February 3, 2011. Strozier and his friend Mark were observed approaching 505 Adelite Avenue in Dayton, Ohio. At the time, the address was under surveillance by two police detectives who had parked an unmarked car around the corner on Eddie Street. A month previous, this location was subject to a drug search warrant, and the detectives were in this location to determine if it was still an active drug house. Mark was walking, but was pushing a bike next to Strozier. Strozier and Mark entered the house for approximately one to two minutes before exiting the building. When both men exited, Strozier was observed clenching his left hand into a fist. The detectives decided to follow the two men in their unmarked vehicle as they believed Strozier may be holding narcotics. The detectives stopped their car and announced that they were Dayton Police. As they approached, Strozier was seen dropping a clear baggie on the ground next to his feet, and Mark rode away on his bicycle. Strozier was immediately cuffed, and the baggie was confiscated. The contents of the baggie were tested and determined to contain about 0.2 grams of crack cocaine.

{¶ 3} A motion in limine was filed on September 22, 2011, seeking to prevent the prosecution from eliciting evidence of Strozier's prior convictions. This motion was overruled. A first trial resulted in a mistrial on October 6, 2011. A second trial was held on February 13 and 15, 2012, in which the defendant was found guilty. On March 27, 2012, Strozier was sentenced to nine months in prison, a driver's license suspension of six

months, and the possibility of three years of post-release control.

{¶ 4} It is from this judgment that Strozier now appeals.

{¶ 5} Strozier's sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT ERRED WHEN IT ALLOWED THE INTRODUCTION OF APPELLANT'S PRIOR FELONY CONVICTIONS"

{¶ 7} In his first assignment, Strozier contends the trial court erred when it allowed the introduction of his prior felony convictions during cross examination. (Second Trial, p. 251, ll. 4-10). Strozier argues that while this information is admissible based on the time requirement of Evidence Rule 609(B), it should have been excluded because the probative value of the evidence did not outweigh the danger of unfair prejudice, or confusion of the issues, or of misleading the jury.

{¶ 8} Initially, we note that Strozier's failure to object to the evidence of his prior convictions during trial constituted waiver. "Failure to object to evidence at trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion in limine." *State v. Maurer*, 15 Ohio.St.3d 239, 259, 473 N.E.2d 768 (1984). A motion in limine, by itself, is insufficient to preserve any issue. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, § 135, citing *State v. Maurer*, supra. An appellate court does not need to consider an error during trial which could have been called, but was not called, to the trial court's attention when the error could have been corrected by the trial court. *Id.* at 260. Due to Strozier's failure to object during trial, his present attempt to assert that evidence of his past convictions should have been excluded has been waived.

{¶ 9} Furthermore, plain error is not demonstrated as defense counsel

acknowledged that Strozier's terms of imprisonment and/or post-release supervision fell within the ten-year limit set forth in Evid. R. 609(B).

{¶ 10} Accordingly, Strozier's sole assignment of error is overruled.

{¶ 11} The judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring:

{¶ 12} Since there was no preserved objection, the question before us is whether the admission of either or both of the defendant's prior convictions was error and, if so, whether it is constituted plain error.

{¶ 13} The prior convictions were admitted under Evid.R. 609 for impeachment. They were not used, and the court explicitly so instructed the jury, as evidence of character under Evid.R. 404. To the extent the Appellee suggests they were admitted under Evid.R. 404(A)(3), that Rule only allows such evidence as provided in Evid. Rules 607, 608 and 609; the prior conviction for drug possession would be evaluated pursuant to Evid.R. 609(A)(2) which requires a weighing of its probative and prejudicial values.

{¶ 14} The case law allows at least the date and name of the offense and that is all the prosecutor elicited in this case. However, I have always found it to take much more than a leap of faith to find that a juror - immersed as he or she is in a world of arcane procedures and legal jargon - determining credibility of a defendant charged with drug possession could, both consciously and subconsciously, disregard the fact that the defendant was convicted of another drug offense relatively recently.

{¶ 15} If the fact that an accused has been convicted of a felony is truly indicative of the accused's credibility, does it matter whether it was grand theft, forgery, drug possession, rape, or homicide? It seems we are simply allowing a jury to factor into its decision-making process how bad of a person the accused is and, on this inference, whether he committed the same offense again.

{¶ 16} I concur because of the sparse use of the convictions by the prosecutor, the limiting instruction given by the court, the lack of objection by the defendant, and the discretion the law rightfully permits a trial court.

. . . . . . . . . .

Copies mailed to:

Carley J. Ingram
Rebekah S. Neuherz
Hon. Frances E. McGee